IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SMITTY HARDING,**

        **Plaintiff,**

**v.**                                 **Civil Action No.: 5:16cv134**
                                                **(Judge Stamp)**

**UNITED STATES OF AMERICA**

        **Defendant.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 19, 2016, the *pro se* Plaintiff, initiated this case by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"). This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### II. THE COMPLAINT

The Plaintiff is a state inmate, who is currently housed at St. Marys Correctional Center. He was previously housed at the Northern Correctional Facility ("NCF") and Mount Olive Correctional Center ("MOCC"). The Plaintiff alleges that he is a diabetic who has repeatedly sought medical attention for his foot pain. More specifically, the Plaintiff alleges that between December 1, 2014, and April 30, 2016, he was denied proper and adequate medical care that eventually resulted in the amputation of his right leg from the knee. The Plaintiff alleges that multiple individuals are guilty of deliberate indifference, negligence, medical malpractice and cruel and unusual punishment in violation of the Eighth

Amendment. The Plaintiff has filed a civil rights action pursuant to 42 U.S.C. § 1983[1] and seeks to join that action with this complaint. In addition, the Plaintiff seeks an injunction ordering Wexford Medical Sources Inc. or their agents to fix or replace his prosthetic leg which does not fit properly and arrange for immediate physical therapy or other follow-up medical treatment by a medical practitioner with expertise in the treatment and restoration and function of a double amputee.

## II. Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff

---

[1] 1:16-cv-00173-IMK-MJA.

has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. ANALYSIS

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Plaintiff's FTCA complaint is fatally deficient in that, Plaintiff fails to allege any act of negligence by an employee of the federal government. The United States cannot be called to task for torts of its agents until the tradition rule of sovereign immunity has been altered under the FTCA. Doe v. United States, 838 F.2d 220, 221 (7th Cir. 1988)). Section 1346(b) waives that immunity as to damage actions against the United States:

> For an injury or loss of property, or personal injury or death caused by the negligent or wrongful action or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to claimant in accordance with the law of the place where the act or omission occurred.

As " employee of the Government" is used in Section 1346(b), that term includes officers and employees of any federal agency but excludes "any contractor with the United States." 28 U.S.C. § 2671. All of the Plaintiff's allegations levy charges only against DOC employees and employees of Wexford Health Sources Inc. and Prime Care, agencies

which contract with the State of West Virginia to provide medical care to state inmates. Accordingly, the Plaintiff's Complaint identifies no wrongful conduct on the part of any federal agency or employee. Instead, Plaintiff's only grievance is with the Division of Corrections and its employees and contractors and none of those are a federal agency or federal employee.

To the extent the Complaint may be read to allege tortious conduct by the State or DOC officials, Plaintiff's correct form of remedy is through a state action in the appropriate court. However, to maintain *this* action, the Plaintiff must allege wrongful conduct on the part of a federal employee or agency. Having failed to do so, the Plaintiff has no viable claim for relief under FTCA.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the Plaintiff's complaint under the FTCA be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which the objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this court based upon such Recommendation.** 28 § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert.

4

denied, 467 U.S. 1208 (1984). The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 22, 2016.

                                    */s Robert W. Trumble*
                                ROBERT W. TRUMBLE
                                UNITED STATES MAGISTRATE JUDGE