IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SMITTY HARDING,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Civil Action No. 5:16CV134
                                                                                                       (STAMP)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DISMISSING CIVIL ACTION AND
OVERRULING PLAINTIFF'S OBJECTIONS**

The plaintiff, Smitty Harding ("Harding"), filed this pro se complaint under the Federal Tort Claims Act ("FTCA") (codified in scattered sections of 28 U.S.C.). This matter was referred to United States Magistrate Judge Robert W. Trumble under Local Rule of Civil Procedure 72.01. The magistrate judge entered a report recommending that the complaint be summarily dismissed as frivolous under 28 U.S.C. § 1915A(b). Harding filed timely objections to the report and recommendation. For the following reasons, the magistrate judge's report and recommendation is adopted and affirmed, the complaint is dismissed, and the plaintiff's objections are overruled.

I.　Background

Harding alleges that he is a prisoner in the custody of the West Virginia Department of Corrections. He alleges that he has

not been provided with appropriate medical care for his diabetes, resulting in the amputation of his right leg. Although Harding named the United States as the defendant and his complaint states "Federal Torts [sic] Claim Act Complaint," Harding does not allege that he was injured by any employee of the United States. Rather, Harding alleges that employees of the West Virginia Department of Corrections, the Northern Correctional Facility, and the Mount Olive Correctional Complex, are liable for negligence, medical malpractice, and deliberate indifference in violation of the Eight Amendment's prohibition on cruel and unusual punishment. None of these state employees are named as defendants.

The magistrate judge recommends summary dismissal of the complaint as frivolous because Harding alleges claims only against state employees and, thus, clearly cannot state a claim against the United States under the FTCA. Harding filed timely objections to the report and recommendation. He does not dispute that his claims against the United States under the FTCA are frivolous. Rather, Harding seems to argue that he is asserting state tort claims against the state employees and that diversity jurisdiction exists under 28 U.S.C. § 1332.

## II. Applicable Law

Because the petitioner timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were

made.  28 U.S.C. § 636(b)(1)(C).  As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## III. Discussion

First, the magistrate judge correctly concluded that Harding's claims against the United States under the FTCA are frivolous.  One may assert claims against the United States for

> an injury or loss of property, or personal injury or death caused by the negligent or wrongful action or omission of any employee of the [United States] while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable . . . in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  Harding alleges that he was injured by the acts or omissions of employees of the West Virginia Department of Corrections, the Northern Correctional Facility, and the Mount Olive Correctional Complex; none of which are agencies of the United States.  Thus, Harding's claims against the United States under the FTCA are frivolous and must be dismissed.

Second, to the extent that Harding asserts state law claims against the state employees, those employees have not been joined as defendants and this Court lacks subject matter jurisdiction to hear such claims.  Because Harding fails to state a claim under the FTCA, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1331 and may not exercise supplemental jurisdiction over

3

any state law claims.  While Harding argues that this Court has diversity jurisdiction under 28 U.S.C. § 1332, he fails to allege his citizenship or that of the state employees.  Because Harding does not assert domicile in any other state, this Court presumes that he is a citizen of West Virginia.  Similarly, Harding does not assert that any of the state employees are domiciled in any other state, and this Court presumes that at least one of the state employees is a citizen of West Virginia.  Thus, this Court would lack subject matter jurisdiction over any state law claims Harding attempts to assert.  Further, this Court notes that Harding filed a separate civil action alleging claims under 42 U.S.C. § 1983 against the state employees arising out of the same alleged conduct, and that civil action is currently pending.  See Civil Action NO. 1:16CV173.

## IV. Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation (ECF No. 3) is GRANTED.  Accordingly, the plaintiff's complaint (ECF No. 1) is DISMISSED WITH PREJUDICE, and the plaintiff's objections to the report and recommendation (ECF No. 6) are OVERRULED.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he

must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 23, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE